UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-14078-CR-GRAHAM/LYNCH

UNITED STATES OF AMERICA,

    Plaintiff,

v.

VICTOR HERNANDEZ-GONZALEZ,

    Defendant.
_____/



FILED by ___ D.C.
DEC 12 2012
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE

## REPORT AND RECOMMENDATION ON FINAL EVIDENTIARY HEARING IN RESPECT TO PETITION ALLEGING VIOLATIONS OF SUPERVISED RELEASE

**THIS CAUSE** having come on to be heard for a final hearing on December 12, 2012, in respect to the Petition Alleging Violations of Supervised Release dated October 6, 2009, and this Court having received evidence and arguments of counsel and otherwise being advised in the premises, makes the following recommendation to the District Court.

    1.    The Defendant is charged with the following violations set forth in the Petition signed by the District Court on October 6, 2009:

| | |
|---|---|
| **Violation Number 1** | **Violation of Standard Condition**, by failing to notify the probation office of any change in residence. On or about August 22, 2009, the defendant moved from his approved residence of 11105 S.W. 200 Street, Apartment 312, Miami, Florida 33157 and his whereabouts are unknown. |
| **Violation Number 2** | **Violation of Standard Condition**, by failing to submit a truthful and complete written monthly report within the first five days of each month. The defendant has failed to submit a written monthly report for the month of August 2009. |

2. At the outset of the final hearing, counsel for the Defendant announced that the Defendant was agreeing to probable cause and that the Court could proceed to a final hearing this date by way of proffer from the government. Additionally, counsel for the Defendant announced that the Defendant would be stipulating to pretrial detention.

3. This Court, utilizing the services of the certified court interpreter, questioned the Defendant and this Court is satisfied that the Defendant understands his rights concerning a preliminary hearing and detention hearing. Further, this Court finds that the Defendant did, in fact, agree to probable cause to proceed to a final hearing and that the final hearing would be conducted this date. Finally, this Court finds that the Defendant understands his rights to a detention hearing and has agreed to detention. The Defendant understands that he will be held without bond until final disposition of this matter by the District Court.

4. The proffer of the government established that on or about September 9, 2009, U. S. Probation Officer Padron was contacted by the Defendant's girlfriend who informed USPO Padron that the Defendant had gone fishing and had not returned. Apparently the Defendant had previously contacted his daughter and told her that he had left for Cuba.

5. On or about September 22, 2009, USPO Padron made a home visit at the Defendant's approved residence which was 11105 S.W. 200th Street in Miami, Florida. No one was found at that residence. USPO Padron spoke with the apartment complex manager, Ms. Henderson. She stated that the Defendant and his family had moved from that residence several weeks before and had not given a forwarding address.

6. The government's proffer stated that the Defendant had not been given permission to leave the United States and travel to Cuba. Further, the Defendant failed to file his monthly report for August 2009 as required and as is set forth in Violation Number 2. The Defendant did not notify his U. S. Probation Officer of any change in address.

7. On or about December 3, 2012, the Defendant was found re-entering the United States through the Miami Airport. The Defendant was using an alias name at that time. When the Defendant was questioned upon his re-entry, it was determined that there was an outstanding warrant for his arrest in this case. The Defendant was then arrested and taken into custody after the warrant was confirmed. The Defendant was then transferred to this Division of the Court for further proceedings in respect to the pending Petition for Violations of Supervised Release.

8. Counsel for the Defendant stated on the record that he has spoken with U.S. Probation Officer Alvarado who is in charge of this case now. USPO Salamanca was present in court and available for cross-examination by Mr. Peacock, counsel for the Defendant. Mr. Peacock stated that he did not have any questions of USPO Salamanca and that USPO Alvarado had provided Mr. Peacock with all the information necessary in respect to these pending violations.

9. The Defendant presented no witnesses, evidence, or argument at the final evidentiary hearing. Additionally, counsel for the Defendant requested that this matter be placed on the District Court's calendar of December 17, 2012 for final disposition/sentencing. The government agreed to that. This Court stated that it would place that

3

request within its Report and Recommendation and it would be up to Judge Graham as to whether or not the matter would be set for that time for final disposition.

10. Based upon the proffer submitted by the government, this Court finds that the Defendant has violated his supervised release by changing his residence address without permission of his U. S. Probation Officer. Further, the evidence has established that the Defendant did, in fact, leave the United States based upon him being arrested upon his re-entry from Cuba on or about December 3, 2012. Finally, the Defendant did not file his monthly report for August 2009 as set forth in Violation Number 2 in the Petition and this Court finds that the government has sustained its burden in that regard as well.

**ACCORDINGLY**, this Court recommends to the District Court that the Defendant be found to have violated his supervised release in respect to the two violations set forth within the Petition referenced herein and that this matter proceed to a final sentencing hearing on December 17, 2012 as requested by counsel for the Defendant or at a time convenient for the Court.

Based upon the request of counsel for the Defendant that this matter proceed to final disposition before Judge Graham on December 17, 2012, this Court assumes that no objections will be filed by either the Defendant or the government in respect to this Report and Recommendation. Nevertheless, should that matter change subsequent to the final hearing in this case, this Court will specifically state the rights of the parties in respect to filing objections to this Report and Recommendation. The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable Donald L. Graham, the United States District Judge assigned to this case. Pursuant to Federal Rules of Criminal Procedure, Rule 59(b)(2), failure to file

objections timely waives a party's right to review and bars the parties from attacking on appeal any legal rulings and factual findings contained herein.

**DONE AND SUBMITTED** this ~~2nd~~ day of December, 2012, at Fort Pierce, Northern Division of the Southern District of Florida.

_____
FRANK J. LYNCH, JR.
UNITED STATES MAGISTRATE JUDGE

Copies furnished:
Hon. Donald L. Graham
AUSA Carmen Lineberger
AFPD Fletcher Peacock
U. S. Probation
U. S. Marshal